[Cite as *State ex rel. Jorza v. Indus. Comm.*, 124 Ohio St.3d 264, 2010-Ohio-119.]

THE STATE EX REL. JORZA, APPELLEE, *v*. INDUSTRIAL COMMISSION OF OHIO, APPELLEE; DELPHI PACKARD ELECTRIC SYSTEMS-WARREN, APPELLANT.

[Cite as *State ex rel. Jorza v. Indus. Comm.*,

**124 Ohio St.3d 264, 2010-Ohio-119.**]

*Workers' compensation — Temporary total disability compensation as it relates to employer buyout — Judgment reversed and cause remanded for clarification and amended order.*

(No. 2009-0760 — Submitted December 1, 2009 — Decided January 21, 2010.)

APPEAL from the Court of Appeals for Franklin County, No. 08AP-393, 2009-Ohio-1183.

_____

**Per Curiam**.

**{¶ 1}** At issue is appellee Charlotte A. Jorza's eligibility for temporary total disability compensation after accepting a buyout from her employer, appellant Delphi Packard Electric Systems-Warren. Jorza was injured at work in 2005, and a workers' compensation claim was allowed. In two motions filed in June 2006, Jorza requested, among other things, temporary total disability compensation, alleging that her allowed conditions prevented her from returning to her former position of employment at Delphi. Neither the motions themselves nor the medical evidence that accompanied them are contained in the record.

**{¶ 2}** Three days after Jorza filed her second motion, she submitted paperwork to Delphi to pursue an employment buyout incentive. On a "Special Attrition Program Conditions of Participation Release Form" dated July 3, 2006, Jorza certified, "I am able to work and suffer from no disability that would preclude me from doing my regularly assigned job." Jorza then accepted the $140,000 buyout, to which her years of service entitled her.

{¶ 3} A district hearing officer ("DHO") for appellee Industrial Commission of Ohio granted Jorza's motions for temporary total disability compensation on August 1, 2006, but that order is not in the record. On August 14, 2006, Jorza's buyout became effective, and her employment with Delphi ended.

{¶ 4} Delphi appealed the DHO order and also filed a motion to terminate temporary total disability compensation, alleging that Jorza's acceptance of the buyout constituted a voluntary abandonment of employment. The appeal was heard on September 5, 2006. A staff hearing officer ("SHO") affirmed the DHO's order and awarded temporary total disability compensation from June 8, 2006, through July 17, 2006, to continue upon submission of medical proof. Delphi's motion to terminate was heard on October 6, 2006. A DHO denied that motion. On appeal, an SHO vacated the award of temporary total disability compensation, finding that Jorza's acceptance of the employment buyout constituted a voluntary abandonment of her former position of employment. That order was administratively affirmed.

{¶ 5} Jorza filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in terminating temporary total disability compensation. The court of appeals agreed, citing a line of cases that upheld the temporary total disability compensation eligibility of claimants who were already disabled when they were fired from their former positions of employment. *State ex rel. Jorza v. Indus. Comm.,* 10th Dist. No. 08AP-393, 2009-Ohio-1183, ¶ 4-5. The court ruled that this reasoning was not limited to employment dismissals, but instead applied to any departure from employment. Id. at ¶ 4.

{¶ 6} Delphi now appeals to this court as of right.

{¶ 7} The parties debate Jorza's eligibility for temporary total disability compensation after she accepted Delphi's buyout. The court of appeals relied on

employment-discharge cases that upheld the compensation eligibility of claimants who were already disabled when fired. Delphi argues that a buyout is more akin to a retirement and should not be governed by principles applicable to employment dismissal.

**{¶ 8}** We find that we cannot address this issue without further clarification from the commission on Jorza's disability status at the time that she left Delphi. The litigants' arguments proceed from the premise that Jorza was temporarily and totally disabled when her buyout became effective. Jorza, however, certified on her July 3, 2006 "Special Attrition Program Conditions of Participation Release Form" that she was "able to work and suffer[s] from no disability that would preclude [her] from doing [her] regularly assigned job." This certification is not only inconsistent with her assertion of disability, but also contradicts the only medical evidence in the record — an October 2, 2006 C-84 disability form that refers to a "constant severe" pain so debilitating that it prevented Jorza from doing her regular job as of June 2006.

**{¶ 9}** These contradictory statements, coupled with an incomplete record, foreclose further analysis. It is pointless to address arguments premised on the existence of a temporary total disability if the disability did not exist during the relevant period. For this reason, we order the commission to issue an amended order that clarifies whether or not Jorza was temporarily and totally disabled when she left Delphi.

**{¶ 10}** The judgment of the court of appeals is reversed, and the commission is ordered to reconsider the claim and issue an amended order that clarifies whether Jorza was temporarily and totally disabled when her employment with Delphi ended.

Judgment reversed
and limited writ granted.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Rush E. Elliott, for appellee Charlotte Jorza.

Richard Cordray, Attorney General, and Colleen C. Erdman, Assistant Attorney General, for appellee Industrial Commission.

Letson, Griffith, Woodall, Lavelle & Rosenberg Co., L.P.A., Mark E. Bumstead, and Lynn B. Griffith III, for appellant.

Philip J. Fulton Law Office and Philip J. Fulton, urging affirmance for amicus curiae, Ohio Association for Justice.

_____